

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Geoffrey Brounell**
212.603.6404 tel
geoffreybrounell@dwt.com

December 6, 2021

**Via ECF**

The Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Hao Zhe Wang v Skype Communications SARL et ano.*, Case No. 21 Civ. 8082 (LGS)

Dear Judge Schofield:

This firm is counsel to Defendants Skype Communications SARL and Microsoft Corporation (together, Microsoft).  We write pursuant to Rule 5.A of the Court's Special Rules & Practices in Civil *Pro Se* Cases to inform the court that Microsoft intends to oppose Mr. Wang's motion to vacate the arbitration award and file a cross-motion to confirm the arbitration award.  Mr. Wang's Complaint, separately filed, should be construed as part of his motion to vacate because a party seeking to vacate an arbitration award must do so by motion, not by commencement of a new action.  If necessary, however, Microsoft will also move to dismiss the Complaint pursuant to Rule 12(b)(6) on res judicata grounds and because it otherwise fails to state a claim for relief.  As required, a proposed briefing schedule is set forth at the end of this letter.

## Background

In December 2020, pursuant to the parties' agreement to arbitrate such matters, Mr. Wang initiated an arbitration with the AAA.  Mr. Wang complained that Microsoft briefly suspended his Skype account until he was able to confirm his identity by verifying his phone number.  On these facts, Mr. Wang ultimately asserted multiple claims against Microsoft.  An evidentiary hearing was held on June 22, 2021.  On July 13, 2021, the arbitrator issued a final award in Microsoft's favor, denying all of Mr. Wang's claims.  (Dkt. No. 5-47.)

Mr. Wang has now filed a Complaint in this Court, asserting essentially identical causes of action against Microsoft arising out of the same set of facts.  (Dkt. No 1.)  Mr. Wang has also filed a separate "motion to vacate arbitral award."  (Dkt. No. 5.)  Mr. Wang served the Complaint on Microsoft on November 15, 2021.  (Dkt. Nos. 13-14.)  As of the date of this letter, Mr. Wang has not properly served the motion to vacate on Microsoft.

## Argument

- **Mr. Wang's filings should be construed as a single motion to vacate**

It is black-letter law that "a party seeking vacatur of an arbitration award must proceed by motion to the court, rather than by filing a complaint."  *Lobaito v. Chase Bank*, No. 11 Civ. 6883 (PGG), 2012

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

December 6, 2021
Page 2

WL 3104926, at *5 n.8 (S.D.N.Y. July 31, 2012) (cleaned up), *aff'd*, 529 F. App'x 100 (2d Cir. 2013); *see also, e.g.*, *Pfeffer v. Wells Fargo Advisors, LLC*, No. 16 Civ. 8321 (VB), 2017 WL 2269541, at *1 (S.D.N.Y. May 23, 2017) (same, and construing *pro se* plaintiff's complaint as a motion to vacate), *aff'd*, 723 F. App'x 45 (2d Cir. 2018). Accordingly, Mr. Wang's Complaint should be construed with his motion to vacate as a single filing in support of the motion.

- **Mr. Wang's motion to vacate must be denied**

Mr. Wang's motion to vacate must be denied for two independent reasons. First, the motion is time-barred. Pursuant to the Federal Arbitration Act, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Service must be made either "as prescribed by law for service of notice of motion" or as set forth by the court for initial service of process. *Id.* This is an inflexible deadline. The three-month service period "is a statute of limitations and the failure to bring a timely motion is an absolute bar to an application seeking vacatur or modification." *Ne. Sec., Inv. v. Quest Cap. Strategies, Inc.*, No. 03 Civ. 2056 (RWS), 2003 WL 22535093, at *2 (S.D.N.Y. Nov. 7, 2003). "The Second Circuit has made clear that there is no exception to this three month limitation period." *Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002). This is true even in *pro se* cases. *See Lobaito*, 2012 WL 3104926, at *5 (collecting cases).

Mr. Wang has failed to meet this statutory requirement. The arbitrator issued her final award on July 13, 2021. The three-month deadline to serve therefore expired on October 13, 2021. Mr. Wang did not properly serve Microsoft with the Complaint until November 15, 2021.[1] Even assuming that service of the Complaint constitutes adequate service of the motion to vacate—which it technically does not—the three-month deadline has passed. Mr. Wang's motion to vacate must be dismissed.

Second, and entirely separately, Mr. Wang fails to meet the burden to vacate an arbitration award pursuant to 9 U.S.C. § 10. "[T]he burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as there is a barely colorable justification for the outcome reached." *Kolel Beth v. YLL Irrevocable Tr.*, 729 F.3d 99, 103-04 (2d Cir. 2013) (internal quotation marks omitted). Indeed, even if the court is convinced that "the arbitrator committed serious error, the award should not be vacated so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Supreme Oil v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (internal quotation marks omitted). Here, the arbitrator's well-reasoned award—issued after a lengthy evidentiary hearing and consideration of all of Plaintiff's arguments—easily satisfies this standard.

- **Microsoft's cross-motion to confirm should be granted**

Under the Federal Arbitration Act, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9). Because Mr. Wang's motion to vacate must

---

[1] Mr. Wang attempted to e-mail certain documents to Microsoft, which Microsoft rejected and which does not constitute proper service of either a motion or initial service of process in this Court.

December 6, 2021
Page 3

be denied for the reasons just stated, Microsoft's cross-motion to confirm should be summarily granted. *Cf. Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987) ("Absent a statutory basis for modification or vacatur, the district court's task was to confirm the arbitrator's final award.")

- **In the alternative, the Complaint should be dismissed pursuant to Rule 12(b)(6)**

As just argued, the Complaint should be construed as part of the motion to vacate and that motion denied. In the alternative, however, the Complaint should be dismissed pursuant to Rule 12(b)(6) for two separate reasons.

First, Plaintiff's claims are barred by the doctrine of res judicata because they were raised and resolved on the merits in the underlying arbitration. *See, e.g.*, *Jacobson v. Fireman's Fund*, 111 F.3d 261, 267-68 (2d Cir. 1997) ("[R]es judicata and collateral estoppel apply to issues resolved by arbitration where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award." (cleaned up)). The Complaint may be dismissed on this ground alone.

Second, and in the alternative, each claim independently fails on the merits. The N.Y. G.B.L. § 349 claim must be dismissed because Mr. Wang fails to identify any materially misleading conduct. *See Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 123-27 (2d Cir. 2017). The RICO claim does not identify the necessary scheme to defraud, or that Mr. Wang's money or property was the object of the alleged scheme. *See City of N.Y. v. Cyco.Net, Inc.*, 383 F. Supp. 2d 526, 552 (S.D.N.Y. 2005). The request for injunctive relief is barred by the contract governing Mr. Wang's relationship with Microsoft. And the claim that the governing agreement be declared unconscionable likewise fails to meet the high standard set forth by New York law. *See Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010). Finally, Mr. Wang's allegations come nowhere close to stating a claim for intentional infliction of emotional distress, which requires that "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See, e.g.*, *Howell v. N.Y. Post Co.,* 81 N.Y.2d 115, 122 (1993).

**Proposed Briefing Schedule**

Microsoft proposes the following briefing schedule: its opposition to the motion to vacate, cross-motion to confirm, and, if necessary, motion to dismiss the Complaint shall be filed no later than January 21, 2022.[2] Mr. Wang's reply in support of his motion to vacate and his opposition to Microsoft's cross-motion to confirm and motion to dismiss shall be filed no later than March 4, 2022. Microsoft's reply in support of its two motions shall be filed no later than April 1, 2022.

*s/ Geoffrey S. Brounell*

---

[2] Microsoft requests additional time to file its initial set of papers in light of the upcoming holidays and because undersigned counsel will be out of the office on a previously-planned vacation from December 19, 2021 until January 3, 2022. The proposed schedule affords Mr. Wang a similarly-extended period of time to draft his papers.