UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
HAO ZHE WANG,                                             :
                                    Plaintiff,            :
                                                          :        21 Civ. 8082 (LGS)
                     -against-                            :
                                                          :             ORDER
SKYPE COMMUNICATIONS S.A.R.L, et al.,                     :
                                    Defendants.           :
                                                          :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on September 28, 2021, pro se Plaintiff filed a Complaint alleging claims

previously litigated in an arbitration proceeding;

        WHEREAS, on October 11, 2021, Plaintiff filed a motion to vacate the arbitrator's award

in the arbitration proceeding.  The award was issued on July 13, 2021, and denied all of

Plaintiff's claims;

        WHEREAS, Defendants were served with the Complaint on November 15, 2021;

        WHEREAS, Defendants filed a pre-motion letter regarding (1) a cross-motion to confirm

the arbitrator's award, (2) their arguments in opposition to the motion to vacate and (3) in the

alternative, arguments in favor of dismissal of the Complaint on res judicata grounds;

        WHEREAS, the Complaint is construed as a motion to vacate the arbitrator's award.  *See*

*Pfeffer v. Wells Fargo Advisors, LLC*, No. 16 Civ. 8321, 2017 WL 2269541, at *1 (S.D.N.Y.

May 23, 2017) (construing pro se complaint as a motion to vacate an arbitration award), *aff'd*,

723 F App'x 45 (2d Cir. 2018); *Lobaito v. Chase Bank*, No. 11 Civ. 6883, 2012 WL 3104926, at

*5 (S.D.N.Y. July 30, 2012) (same), *aff'd*, 529 F. App'x 100 (2d Cir. 2013);

        WHEREAS, Plaintiff's request to vacate the arbitrator's award is denied as untimely.  The

arbitrator's award was issued on July 13, 2021.  Under 9 U.S.C. § 12, a "[n]otice of motion to

vacate, modify, or correct an award must be served upon the adverse party . . . within three months after the award is filed or delivered." "Courts in this circuit have found that this three-month limitation is a statute of limitations and the failure to bring a timely motion is an absolute bar to an application seeking vacatur or modification." *Tarulli v. Ameriprise Fin. Servs.*, No. 19 Civ. 2039, 2020 WL 9219110, at *2 (S.D.N.Y. Apr. 14, 2020) (citing cases) (internal quotation marks omitted), *R. & R. adopted*, 2020 U.S. Dist. LEXIS 175763 (S.D.N.Y. Sept. 24, 2020). The law does not provide an exception to the three-month bar, even for pro se cases. *Id.* Plaintiff served the Complaint, which is construed as a motion to vacate, well after the three-month deadline and did not otherwise serve the motion to vacate, so the law prevents the Court from hearing Plaintiff's motion to vacate the July 13, 2021, award;

WHEREAS, even if the Complaint were not construed as a motion to vacate, the Complaint would be dismissed because the claims raised in the Complaint are barred by the doctrine of res judicata. Res judicata, also referred to as claim preclusion, bars "certain claims in federal court based on the binding effect of past determinations in arbitral proceedings." *Pike v. Freeman*, 266 F.3d 78, 90 (2d Cir. 2001); *accord Caron v. TD Ameritrade*, No. 19 Civ. 9015, 2020 WL 7027593, at *5 (S.D.N.Y. Nov. 30, 2020). All of the requirements for res judicata have been met. First, "the previous action involved an adjudication on the merits;" second, "the previous action involved the plaintiff[]" and third, "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000); *accord Curry-Malcolm v. Rochester City Sch. Dist.*, No. 20-2808, 2021 WL 5764534, at *2 (2d Cir. Dec. 6, 2021) (summary order).

WHEREAS, Defendants' motion to confirm is granted. "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration

2

award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); accord *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021). "[T]he court must grant [a request to confirm an award] unless the award is vacated, modified, or corrected as prescribed [in the United States Code]." 9 U.S.C. § 9; *accord Seneca Nation of Indians*, 988 F.3d at 625. "When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding." *Florasynth*, 750 F.2d at 177 (emphasis added); accord *HRB Prof'l Res. LLC v. Bello*, No. 17 Civ. 7443, 2018 WL 4629124, at *4 (S.D.N.Y. Sept. 27, 2018). The three-month limitations period in this case expired on October 13, 2021. Plaintiff did not serve notice of a motion to vacate or modify the Award before that date and does not now raise any legal issue (such as lack of jurisdiction, or expiration of a statute of limitations for confirmation) that deprives this Court of the ability to summarily confirm the Award. *See Barclays Cap. Inc. v. Hache*, No. 16 Civ. 315, 2016 WL 3884706, at *1 (S.D.N.Y. July 12, 2016).

Plaintiff's arguments for vacatur are untimely, so they cannot preclude confirmation of the award under the law. The three-month deadline contained in 9 U.S.C. § 12 is not subject to extension. "[A] party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Florasynth*, 750 F.2d at 175; *Wells Fargo Advisors, LLC v. Mercer*, 735 Fed. App'x 23, 24 (2d Cir. 2018) (summary order). Accordingly, each of Plaintiff's arguments for vacatur of the Award are untimely and must be disregarded. It is hereby

**ORDERED** that Plaintiff's motion to vacate the arbitrator's award is DENIED, and Defendants' motion to confirm the arbitrator's award is GRANTED. It is further

**ORDERED** that if Defendants seek to seal the materials referenced in the Plaintiff's request at docket number 7, they shall file a letter by **January 10, 2022**, providing the basis for sealing under the Second Circuit's standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). It is further

**ORDERED** that all conferences are CANCELLED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 5 and to close the case.

Dated: January 3, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4