UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
Civil Action No.:1: 21-CV-08082-LGS

Hao Zhe Wang *pro se*            )
                                 )
                                 )
*vs.*                            )
                                 )
Skype Communications S.a.r.l.., et al.)
                                 )
                                 )
                                 )

## Motion for Reconsideration, Costs, and Extension

In their December 6 letter to the Court (Dkt.18) outlining their contemplated motions to dismiss and to confirm arbitral award, Defendants misrepresented keys facts about the time of service of the complaint and motion to vacate and further misled the Court about the allegations and claims that were arbitrated and those that were made in the complaint. Plaintiff served the Complaint, the motion to vacate, the notice of the motion, Plaintiff declaration as well as the Notice of a Lawsuit and Request to Waive Service of A Summons on October 11, 2021, within ninety days after the arbitral award in question was issued, through email and in a manner of service that parties have contractually agreed upon. The service should thus be deemed timely under FAA. Plaintiff thus moves for the Court to reconsider its January 3 order.

In the alternative, Plaintiff respectfully petitions the Court for an extension of 30 days and to give him until March 4, to file the notice of appeal so that he may have additional time to further study the rulings in this case and identify issues that he may include in his appeal as well as the appellate procedures in this Circuit.

Plaintiff caused the Complaint to be served on the Defendants in person on November 15 because Defendants failed to sign the Notice of a Lawsuit and Request to Waive Service of A Summons. For this reason, Plaintiff also asks the Court to compel Defendants to reimburse him $193.00 in the cost of the in-person service pursuant to FRCP Rule 4.

**Plaintiff Timely Served of Motion to Vacate and Complaint**

The terms of service Defendants imposed on their users specifically incorporated AAA's Consumer Arbitration Rules (Dkt. 5-3). Rule 52 (a) provides for email service of post-arbitration legal notices.

The Second Circuit has held that if AAA rules are incorporated in the arbitration clause of a contract, then AAA rules on service are binding. *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 982 (2d Cir. 1996) In that case, the dispute concerned a mailed notice and AAA's Commercial Arbitration Rules that permitted mail service. AAA's Consumer Arbitration Rules further included wording that provided for emailed notice: " (a) Any papers or notices necessary for the initiation or continuation of an arbitration under these Rules, or for the entry of judgment on any award made under these Rules, may be served on a party by mail or email addressed to the party or its representative at the last-known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party."

On October 11, Plaintiff emailed the Complaint, the motion to vacate, the notice of the motion, and Plaintiff declaration to both Defendants' legal department and to their last known external counsel (Ex.1 and 2). Although Defendants' counsel objected to the email service on

October 19 (Ex.3), their objection cannot vitiate the legal effect of the contract that Defendants themselves drafted and imposed on users or Second Circuit precedents and that forced Plaintiff into arbitration in the first place.

Plaintiff's October 11 service also included the Notice of a Lawsuit and Request to Waive Service of A Summons. On Defendants' refusal to waive service pursuant to FRCP Rule 4, Plaintiff caused the Complaint to be served in person on Defendants on November 15. FRCP 81(a)(6)(B) makes clear that the in-person service of the Complaint would not impact the legal effect of Plaintiff's October 11 email service of the Complaint and the motion to vacate (although FRCP Rule 81(a)(6)(B) also does not extinguish Defendants' obligation to reimburse Plaintiff the cost of in-person service.)

**Half of Plaintiff's Allegations and Claims Account Were Not Arbitrated**

The Supreme Court noted in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* that the FAA "requires piecemeal resolution when necessary to give effect to an arbitration agreement." 460 U.S. at 20. This means "the FAA does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement." *Volt Info. Scis.*, 489 U.S. at 478, 109 S.Ct. 1248. In other words, claims that are not arbitrable are cleaved from claims that are submitted to arbitration, which sometimes results in an inconvenient but necessary "bifurcated proceedings" when courts must compel arbitration "only of those claims that the parties have agreed to arbitrate" and then deal with other claims. *Dean Witter Reynolds, Inc., v. Byrd*, 470 U.S. 213, 220-21 (1985).

Plaintiff's allegations and claims against the two defendants' handling of his Skype account were the subject of the 2021 arbitration. Plaintiff's allegations and claims against the Microsoft defendant's handling of his Microsoft account (Complaint, §§8-10) concerned events wholly distinct in time (June 2020 and onwards) and touched upon interactions with different defendants (Microsoft and not Skype) and with different defendant employees (e.g., Abigaile A.). If Plaintiff advances similar or even identical legal theories and raised "identical causes of action", it was only inevitable because the business protocols and computer algorithms behind the defendants' handling of the two accounts were most likely identical. But identical legal theories do not make these allegations "the same set of facts" as the opposing counsel want the Court to believe. Most importantly, allegations and claims against the Microsoft defendants' handling of his Microsoft account have never been sent for arbitration, and Defendants cannot use a motion to affirm arbitral award as a defense against these separate claims. Therefore, even if Defendants were to succeed in affirming the arbitral award, the affirmation should do no more than carve out the arbitrated claims from the Complaint while the judicial review of the remaining claims continues.

Defendant counsel's statements to the Court about the procedural background are selective about facts and in some aspects outright deceptive. This deception – and the counsel's similarly subtly misleading statements about procedural facts to AAA when it was reviewing the conduct of the arbitrator – may not be the most outrageous ethical violations that Plaintiff has witnessed of the counsel but must still be called out. Plaintiff respectfully asks the Court to reconsider its order in light of the facts recounted here.

Regards,

HZ Wang

Plaintiff's argument that his Complaint pleads claims other than those raised in the arbitration below is construed liberally as a request to (1) alter the judgment under Rule 59(e) and (2) seek leave to amend. Plaintiff contends that two paragraphs in his Complaint regarding Microsoft's conduct in temporarily suspending an account unrelated to Skype raised a claim against Microsoft that was not asserted in the arbitration. The Complaint does not state a claim as to that conduct because it does not (1) seek any relief regarding the suspension of that account, (2) identify what the account was or (3) specify any injury Plaintiff suffered because of the temporary suspension. Nonetheless, district courts generally grant pro se Plaintiffs the opportunity to seek leave to amend. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Perry v. Maloney*, No. 21 Civ. 8039, 2021 WL 6127070, at *6 (S.D.N.Y. Dec. 27, 2021). Plaintiff shall file a letter not to exceed three pages by **January 21, 2022**, specifying the basis for amending the Complaint and attaching a proposed amended complaint. Plaintiff's letter shall specify with regards to the temporary suspension of service: (1) the names and titles of all relevant people; (2) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred, i.e., where Plaintiff was located; (3) a description of the injuries Plaintiff suffered as a result of the temporary suspension and (4) the relief Plaintiff seeks related to the temporary suspension, such as money damages, injunctive relief or declaratory relief. Defendants shall file a response to the request for leave to amend by **January 28, 2022**. Once Plaintiff's request for leave to amend and alter the judgment is briefed, the Court will rule on Plaintiff's motion for reconsideration as to the service of the motion to vacate and as to the conduct unrelated to Plaintiff's Skype account.

Plaintiff's request for costs is denied without prejudice. Plaintiff shall first confer with Defendants via email regarding his request. If the parties dispute the costs, Plaintiff shall file a standalone motion for costs, attaching any relevant materials in support of his motion.

Plaintiff's request for an extension of the time to file an appeal is denied. Because Plaintiff's motion for reconsideration is a Rule 59 motion seeking leave to alter the judgment, the time to file an appeal has not started to run. *See* Fed. R. App. P. 4(a)(4)(A).

Dated: January 10, 2022
      New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

**wang.haozhe@yahoo.com**

| | |
|---|---|
| **From:** | <wang.haozhe@yahoo.com> |
| **Date:** | 2021年10月11日  10:14 |
| **To:** | "Pathan, Mohammad" <MohammadPathan@dwt.com>; "Brounell, Geoffrey" <GeoffreyBrounell@dwt.com> |
| **Cc:** | <patgog@microsoft.com>; <yaros@microsoft.com> |
| **Attach:** | AO 398 MICROSOFT.pdf; AO 398 Skype.pdf; AO 399.pdf; attachment to complaint.pdf; civil cover sheet.pdf; Complaint.pdf |
| **Subject:** | Wang v. Skype et al 21-cv-08082 |

Dear Counsel

Please find attached the Notice of a Lawsuit and Request to Waive Service of a Summons and Waiver of the Service of Summons for the complaint filed in NYSD on Sept 28, also attached.

Regards
Wang

**wang.haozhe@yahoo.com**

2022/1/4

| | |
|---|---|
| **From:** | &lt;wang.haozhe@yahoo.com&gt; |
| **Date:** | 2021年10月11日 10:19 |
| **To:** | "Pathan, Mohammad" &lt;MohammadPathan@dwt.com&gt;; "Brounell, Geoffrey" &lt;GeoffreyBrounell@dwt.com&gt; |
| **Cc:** | &lt;patgog@microsoft.com&gt;; &lt;yaros@microsoft.com&gt; |
| **Attach:** | 21-cv-08082 motion to vacate.pdf |
| **Subject:** | Re: Wang v. Skype et al 21-cv-08082 |

Dear Counsel

Please take notice that Plaintiff will move the Court for an order to vacate arbitral award. Please find attached the said motion as well as the plaintiff declaration and exhibits 1-52 attached to the motion. The latter will follow in other emails due to size.

Regards
Wang

**From:** wang.haozhe@yahoo.com
**Sent:** Monday, October 11, 2021 10:14 AM
**To:** Pathan, Mohammad ; Brounell, Geoffrey
**Cc:** patgog@microsoft.com ; yaros@microsoft.com
**Subject:** Wang v. Skype et al 21-cv-08082

Dear Counsel

Please find attached the Notice of a Lawsuit and Request to Waive Service of a Summons and Waiver of the Service of Summons for the complaint filed in NYSD on Sept 28, also attached.

Regards
Wang

**wang.haozhe@yahoo.com**

| | |
|---|---|
| From: | "Pathan, Mohammad" <MohammadPathan@dwt.com> |
| Date: | 2021年10月19日  14:59 |
| To: | <wang.haozhe@yahoo.com> |
| Cc: | "Brounell, Geoffrey" <GeoffreyBrounell@dwt.com> |
| Subject: | RE: Wang v. Skype et al 21-cv-08082 |

Mr. Wang:

Microsoft and Skype are not willing to waive proper service of either the complaint or the motion to vacate you filed in *Wang v. Skype et al.*, 21 Civ. 8082 (S.D.N.Y.).  Accordingly, you will need to effectuate service in accordance with all applicable law and rules.

Best,

Mohammad

**Mohammad Pathan** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6414 | Fax: (212) 489-8340
Email: mohammadpathan@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** wang.haozhe@yahoo.com <wang.haozhe@yahoo.com>
**Sent:** Monday, October 11, 2021 10:15 AM
**To:** Pathan, Mohammad <MohammadPathan@dwt.com>; Brounell, Geoffrey <GeoffreyBrounell@dwt.com>
**Cc:** patgog@microsoft.com; yaros@microsoft.com
**Subject:** Wang v. Skype et al 21-cv-08082

[EXTERNAL]

Dear Counsel

Please find attached the Notice of a Lawsuit and Request to Waive Service of a Summons and Waiver of the Service of Summons for the complaint filed in NYSD on Sept 28, also attached.

Regards
Wang